**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL WINSTON, )<br>)<br>Plaintiff )<br>) No. 1:09-cv-254-SJM<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | |

## MEMORANDUM ORDER

Plaintiff Michael Winston has a number of *pro se* civil actions pending against various defendants in this Court. On October 13, 2009, he filed a document entitled "Testimony" and bearing the caption "*Michael Winston v. United States*," along with a motion for leave to proceed *in forma pauperis*. Because the document bore a new caption and was accompanied by an *IFP* motion, the document was construed and docketed by the Clerk of Court's office as a new complaint and this civil action was opened.

Aside from bearing the caption "*Michael Winton v. United States*," however, Plaintiff's "complaint" bears no other indicia of being a genuine complaint. In fact, the document fails to conform to any of the requirements of Federal Rule of Civil Procedure 8, in that it lacks:

**(1)** a short and plain statement of the grounds for the court's jurisdiction, ...

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Instead, the "complaint" purports to be the Plaintiff's statement in support of a separate lawsuit which he commenced on the very same day against the

law firm Marshall, Dennehey, Warner, Coleman & Goggin, at No. 1:09-cv-252-SJM (W.D. Pa.).

Plaintiff's "complaint" is somewhat confusing but, in essence, it seems to allege that the Plaintiff made a pointless trip to the Warren County Court of Common Pleas in connection with separate criminal litigation, where he was informed that his criminal case had been continued to another date. His "complaint" further suggests that he learned of a Federal Rule 12(b) motion which had been filed by the Marshall Dennehey Firm in one of his civil cases pending before this Court when he got a briefing order from this Court directing him to file a response to the motion. Plaintiff avers that he was never served with the motion. He claims that he telephoned my chambers on October 6, 2009 and that, "after being hung up on several times, [he] finally got [one of my staff members] to listen[.] I told her of the eye witness acount [sic] of woman [sic] being helped out of Warren County Court House. She informed me that new motions were filed, I told her to [sic] late." (*See* Pl.'s Testimony [1-2] at p. 1.) Plaintiff also complains that my court staff contacted the Marshall Dennehey Firm to advise them of Plaintiff's contention that he had not been served with the Rule 12(b) motion. Plaintiff avers that this amounts to corruption. (*Id.*)

To the extent that Plaintiff's "Testimony" is meant to be construed as a civil complaint, this Court must review the complaint in accordance with the provisions of 28 U.S.C. § 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*. Of particular importance is § 1915(e)(2)(B), which requires federal district courts to dismiss any case, even on their own motion, if the court determines that the action is frivolous or malicious, fails to state a cognizable claim for relief, or seeks monetary relief against a defendant who is immune from such relief.[1] Although courts

---

[1] Section 1915(e) states, in pertinent part:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may

are generally required to permit the plaintiff an opportunity to file a curative amendment before dismissing the complaint, dismissal without leave to amend is justified when, *inter alia*, amendment would be futile.  *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004).  Because the Plaintiff is proceeding *pro se*, we ready the complaint's allegations liberally and apply a less stringent pleading standard.  *See Haines v. Kerner*, 404 U.S. 419, 520 (1972).

Here, Plaintiff's "complaint," such as it is, contains numerous deficiencies.  Aside from its failure to conform with the requirements of Fed. R. Civ. P. 8(a), it utterly fails to state any facts which could give rise to a cognizable claim for legal relief against the United States or any other entity.  In addition, to the extent the Plaintiff was, in fact, intending to sue the United States, his suit would be barred by sovereign immunity.  *See United States v. Testan*, 424 U.S. 392, 399 (1976) (under the doctrine of sovereign immunity, a suit cannot be brought against the United States unless it has been brought in compliance with a specific statute under which the United States has expressly

---

> have been paid, the court shall dismiss the case at any time if the court determines that —
> 
> ***
> 
> **(B)** the action or appeal –
>   **(i)** is frivolous or malicious;
>   **(ii)** fails to state a claim on which relief may be granted; or
>   **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Although much of 28 U.S.C. § 1915 deals with prisoners, as Congress made significant amendments to the statute in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), it is widely recognized that § 1915(e)(2) applies to both prisoner and nonprisoner cases alike.  *See, e.g., Jayne v. Pike County Correctional Facility*, Civil No. 3:CV-07-1113, 2007 WL 2972579 at *1 n.1 (M.D. Pa. Oct. 10, 2007) (citing cases), *aff'd in part and rev'd in non-relevant part*, No. 07-4269, 2009 WL 3022136 (3d Cir. Sept. 23, 2009) (slip. op.); *Weimer v. Vanorsdale*, No. 07cv0671, 2007 WL 1653623 at *1 n.1 (W.D. Pa. June 5, 2007) (citing cases).

consented to be sued).

In fairness to the Plaintiff, his complaint in the instant case is more properly construed as a statement in support of the lawsuit he previously filed against the Marshall Dennehey Firm at Civil Action No. 1:09-cv-252-SJM. In a Memorandum Order dated November 5, 2009, I concluded that the "complaint" in No. 1:09-cv-252-SJM should be construed as a motion for sanctions relative to yet a different lawsuit, captioned *Michael Winston v. William F. Morgan*, No. 1:09-cv-225-SJM. *See Winston v. Marshall, Dennehey, Warner, Coleman, Goggin*, Civil Action No. 1:09-cv-252-SJM (Mem. Order [4] dated 11/5/09). Accordingly, I will dismiss this lawsuit, such as it is, as legally frivolous and direct that the Clerk of Court re-docket the complaint herein as "Testimony" relative to the Plaintiff's motion for sanctions in *Winston v. Morgan*, No. 1:09-cv-225-SJM.

AND NOW, *to wit*, this 6th day of November, 2009, based upon the foregoing considerations,

IT IS ORDERED that the within civil action be, and hereby is, DISMISSED as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that the within complaint be re-docketed as "Testimony" relative to the Plaintiff's motion for sanctions in *Winston v. Morgan*, No. 1:09-cv-225-SJM.

                                               s/ Sean J. McLaughlin
                                                  SEAN J. McLAUGHLIN
                                                  United States District Judge

cm: All parties of record.